UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHERYL L. CARTIER,

    Plaintiff,

v.

NANCY A BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

CASE NO. 2:17-CV-00836-RBL-DWC

REPORT AND RECOMMENDATION

Noting Date: February 16, 2018

The District Court has referred this action, filed pursuant to 42 U.S.C. § 405(g), to United States Magistrate Judge David W. Christel. Plaintiff Cheryl L. Cartier filed this matter seeking judicial review of Defendant's denial of her application for disability insurance benefits ("DIB").

After considering the record, the undersigned concludes the Administrative Law Judge ("ALJ") erred in his treatment of Plaintiff's testimony and the lay witness testimony. Had the ALJ properly considered this evidence, the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore not harmless, and the undersigned recommends this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner").

REPORT AND RECOMMENDATION - 1

## FACTUAL AND PROCEDURAL HISTORY

On July 11, 2013, Plaintiff filed an application for DIB.[1] *See* Dkt. 9, Administrative Record ("AR") 14. The application was denied upon initial administrative review and on reconsideration. *See* AR 14. ALJ Tom L. Morris held a hearing on September 8, 2014. AR 30-65. In a decision dated January 6, 2016, the ALJ determined Plaintiff to be not disabled. AR 14-23. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-3; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to provide clear and convincing reasons to discount Plaintiff's subjective symptom testimony; (2) not giving germane reasons to reject lay witness testimony; and (3) making a residual functional capacity ("RFC") assessment and findings at Steps Four and Five that are not supported by substantial evidence. Dkt. 11, pp. 1, 5-17.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

---

[1] At the hearing, the ALJ stated Plaintiff's alleged onset date of disability is July 1, 2012. AR 21. In his decision, however, the ALJ stated Plaintiff's alleged onset date of disability is August 1, 2010. AR 14. Plaintiff maintains the proper alleged onset date is July 1, 2012. Dkt. 11, p. 2 n.1. Furthermore, Defendant acknowledges "Plaintiff claimed that her symptoms forced her to stop working on July 1, 2012." Dkt. 12, p. 2. Although the alleged onset date is ultimately not relevant to the Court's decision here, the undersigned recommends the ALJ be directed to clarify the alleged onset date on remand.

## DISCUSSION

**I.      Whether the ALJ properly considered Plaintiff's subjective symptom testimony.**

Plaintiff argues the ALJ erred because he did not provide specific, clear and convincing reasons to discount Plaintiff's subjective symptom testimony. Dkt. 11, pp. 5-15.

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.3d at 834 (citation omitted). Questions of credibility are solely within the ALJ's control. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (quotation marks and citations omitted). The Court should not "second-guess" this credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). Moreover, the Court may not reverse a credibility determination where the determination is based on contradictory or ambiguous evidence. *Id.* at 579.

Plaintiff completed a function report on August 18, 2013. AR 196-203. In this report, Plaintiff stated the pain in her back in hip makes it "impossible" for her to sit for more than 30-60 minutes at one time. AR 196. Plaintiff also reported that her pain limits her from standing for more than 30 minutes at a time. AR 198. In addition, Plaintiff said her hobbies are reading and watching television, although she can only do these activities "for maybe an hour at a time without getting up to stretch" due to her pain. AR 200. Plaintiff further stated she "cannot squat at all," cannot bend for more than "a minute or [two] at a time," and "cannot kneel without help

getting up." AR 201. Moreover, Plaintiff reported she can walk up to one-quarter or one-half of a mile before needing to stop and rest. AR 201.

Plaintiff testified at the hearing and again stated she cannot work due to pain in her back and hip, and pain from a "nerve shooting down [her] leg." AR 39, 40. She reported that her current therapy for her pain includes taking ibuprofen, doing stretches, and receiving shots administered by her physician. AR 39, 41. Furthermore, Plaintiff said she can only stand, walk, and sit in "very small increments" because of her pain. AR 39-40.

Regarding Plaintiff's testimony, the ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." AR 18. However, the ALJ determined Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." AR 18. The ALJ discounted Plaintiff's subjective testimony for several reasons. *See* AR 18-20. In particular, the ALJ discounted Plaintiff's testimony (1) because she failed to seek treatment, (2) in light of her exertional activities, (3) due to her course of treatment, (4) because of inconsistent statements, and (5) due to the objective medical evidence. *See* AR 18-20.

First, the ALJ discounted Plaintiff's subjective symptom testimony because he found she failed to seek treatment for her pain. AR 19. Specifically, the ALJ stated:

> Despite testifying that she has had constant back and radicular pain since August 2010, the record contains no evidence of any treatment from August 2010 to June 2012. When she was seen in June 2012, her chief concern was her high blood pressure. At her next appointment in July 2012, she complained of left ankle pain. In October 2012, she was treated for [an] upper respiratory infection. In March 2013, she complained of GERD and left hip pain. At another appointment that month, her primary complaint was dysuria. If the claimant's symptoms were as chronically severe as she describes, one would expect that she would have regularly complained of or received treatment for those issues during appointments.

AR 19 (internal citations omitted).

REPORT AND RECOMMENDATION - 4

1       An ALJ may consider "unexplained or inadequately explained failure to seek treatment or

2 to follow a prescribed course of treatment" when assessing a claimant's subjective symptom

3 testimony. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citations omitted).

4 Nonetheless, an ALJ "must not draw any inferences about an individual's symptoms and their

5 functional effects from a failure to seek or pursue regular medical treatment without first

6 considering any explanations that the individual may provide." SSR 96-7p at *7, 1996 WL

7 374186 (1996);[2] *see also Mitchell v. Colvin*, 584 Fed.Appx. 309, 313-14 (9th Cir. 2014) (citing

8 SSR 96-7p) (ALJ erred in part by discrediting a claimant for failure to follow recommended

9 treatment because he did not ask the claimant why he did not follow the recommended

10 treatment).

11       In this case, the ALJ discounted Plaintiff's testimony because the record contains no

12 treatment notes from 2010-2012. Yet the record indicates Plaintiff did not receive treatment for

13 those conditions during this time because she lost her insurance and could not afford it. *See, e.g.*,

14 AR 242, 250, 300, 326 (various physicians noting Plaintiff did not receive treatment during this

15 time due to lack of insurance and financial difficulties). Because the ALJ's decision does not

16 reflect that he considered why Plaintiff did not seek treatment during this time, the ALJ's first

17 reason for discounting Plaintiff's subjective symptom testimony was not clear and convincing.

18 *See* SSR 96-7p at *7; *Mitchell*, 584 Fed.Appx. at 313-14 (citing SSR 96-7p).

19       Second, the ALJ discredited Plaintiff's subjective symptom testimony in light of her

20 exertional activities. The ALJ stated:

21     The claimant also alleges that her conditions preclude her from being able to
    stand or walk for any prolonged period. She, however, was walking as much as 5

22

---

23

24     [2] Although SSR 96-7p was superseded after the ALJ's hearing, the Court applies SSR 96-7p in this case because it was in effect at the time of the ALJ's decision.

REPORT AND RECOMMENDATION - 5

|   |   |
|---|---|
| 1 | miles per day during and prior to Spring 2011 and 1 mile daily in July 2012, and she was helping her son move in June 2012. |

AR 20 (internal citations omitted).

To the extent the ALJ attempted to discredit Plaintiff because her exertional activities were inconsistent with her testimony, the ALJ's assertion is unsupported by the record. The one report that references Plaintiff walking up to five miles per day does not state whether Plaintiff walked five miles at one time or took several short walks throughout the day. *See* AR 228. Thus, this report is not necessarily inconsistent with Plaintiff's testimony that she cannot walk for "any prolonged period," as the ALJ claimed.

Furthermore, the record indicates Plaintiff reported to a provider in June 2012 with aches "all over." AR 250. Plaintiff told the provider she was walking one-quarter to one-half mile daily. AR 250. The provider recommended Plaintiff increase her Tylenol dosage so she can "increase walk length." AR 250. Thereafter, at a follow-up appointment in July 2012, Plaintiff told the provider she was now walking one mile per day. AR 256. The record again fails to show whether Plaintiff was walking one mile without stopping, or whether she was taking several short walks per day equaling one mile.

Lastly, even though Plaintiff told a provider that she helped her son move, that medical record does not state what tasks were involved in this activity. *See* AR 250. Later, Plaintiff clarified to the Appeals Council that she helped her son by letting someone load her car with his items, and then waiting in the car while someone else unloaded it. AR 10. Thus, these activities are not inconsistent with Plaintiff's testimony that she cannot stand or walk for a prolonged period. In sum, the context of these records reveals the ALJ's second reason for discrediting Plaintiff's testimony was not clear and convincing, as it was unsupported by the record.

Third, the ALJ discounted Plaintiff's subjective symptom testimony based on her course of treatment. AR 20. Specifically, the ALJ reasoned:

> The claimant's pain complaints are not consistent with the nature of her treatment. Apart from epidural steroid injections, the claimant's treatment for her hip and back symptoms have consisted of medication-over-the-counter medication during the day and hydrocodone at night. No provider has ever recommended surgery for her back or hip.

AR 20.

The ALJ discredited Plaintiff's testimony because the treatment for her conditions is primarily steroid injections and medications, and no provider has recommended surgery. AR 20. An ALJ may consider "evidence of 'conservative treatment'" in assessing a claimant's subjective symptom testimony. *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)). Nevertheless, the ALJ's statement about Plaintiff's treatments is again contradicted by the record, as Plaintiff has also engaged in both physical therapy and chiropractic treatments – treatments the ALJ failed to mention. *See, e.g.*, AR 310-23, 337. In addition, one of Plaintiff's physicians wrote he would assess whether surgery was appropriate once Plaintiff completed physical therapy. AR 328. However, Plaintiff was only able to complete four physical therapy sessions before needing to end them because they aggravated her pain. *See* AR 39, 41, 58, 316, 319, 337. The ALJ failed to consider this in his discussion of Plaintiff's treatment. *See* AR 20. Hence, the ALJ's third reason for discounting Plaintiff's testimony was error, because it was unsupported by the record and failed to consider why Plaintiff was not presently engaged in certain treatments. *See* SSR 96-7p at *7 (an ALJ must not make inferences about a claimant's failure to "pursue regular medical treatment without first considering any explanations that the individual may provide").

Fourth, the ALJ discounted Plaintiff's subjective symptom testimony because of allegedly inconsistent statements she made. AR 20. The ALJ wrote:

> For example, when I asked the claimant at the hearing, she testified that, within the last 60 days, the farthest she has driven was to the bank. She indicated that she gets around town for various appointments by driving. She also testified that she recently drove her son to the bus stop. However, when her attorney questioned her later during the hearing, the claimant changed her story. She testified that her boyfriend drives her everywhere, that she never drives, and that she never goes out alone. This testimony is not only inconsistent with her earlier testimony but is contradicted by her own function report that she drives a car, that she can go out alone, and that she can attend appointments unaccompanied.

AR 20 (internal citation omitted).

The ALJ rejected Plaintiff's subjective symptom testimony in light of allegedly inconsistent statements Plaintiff made about driving at the hearing and in a function report. AR 20. Once again, the ALJ's statement was not supported by substantial evidence in the record. At the hearing, when the ALJ asked Plaintiff whether she gets around town by driving, Plaintiff responded, "Right. Right." AR 47. Yet throughout the hearing, Plaintiff spoke in the plural tense when asked about her own activities, referencing activities she and her boyfriend did together. *See, e.g.*, AR 43-44, 47, 60-61. For example, when the ALJ asked Plaintiff about the farthest she had driven in the last two months, she replied that driving to the hearing "was probably the furthest *we've* gone for quite some time." AR 47 (emphasis added). Later in the hearing, Plaintiff clarified that her boyfriend does all of the driving and she "never" drives. AR 57-58; *see also* AR 59-60. Plaintiff further stated she misunderstood the ALJ's earlier question about her driving and envisioned herself "riding in a car, not necessarily driving the car." AR 60. Thus, the course of Plaintiff's testimony establishes she did not make inconsistent statements at the hearing regarding her driving.

1    Moreover, the ALJ claimed Plaintiff's hearing testimony that she "never" drives was
2 inconsistent with a function report in which Plaintiff stated she drives. AR 20. This statement is
3 also not supported by substantial evidence. Plaintiff checked boxes on the function report
4 indicating she travels by driving or riding in a car. AR 199. She did not, however, state how
5 often or how far she drives. *See* AR 199. Plaintiff further testified at the hearing that she has a
6 driver's license and could drive if she "had to," but repeatedly stated that she never drives. AR
7 57-60. Taken together, the function report and hearing testimony indicate Plaintiff could lawfully
8 drive if she had to, although she does not drive. In all, the ALJ's fourth reason for discrediting
9 Plaintiff's subjective symptom testimony was not clear and convincing.

10    Lastly, the ALJ discredited Plaintiff's subjective symptom testimony because "the overall
11 objective findings . . . fail to demonstrate that she is as severely limited as she claims." AR 20;
12 *see also* AR 18-19 (ALJ discrediting Plaintiff based on MRIs and physical examinations). A
13 claimant's pain testimony cannot be rejected "solely because the degree of pain alleged is not
14 supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir.
15 1995) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 346-47) (9th Cir. 1991) (en banc)). The same is
16 true for a claimant's other subjective complaints. *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th
17 Cir. 1995) (holding that, although *Bunnell* was couched in terms of subjective complaints of
18 pain, its reasoning extended to non-pain complaints as well). The Ninth Circuit explained its
19 reasoning for this rule in *Bunnell*:

20>If an adjudicator could reject a claim for disability simply because a claimant fails to produce medical evidence supporting the severity of the pain, there would be
21>no reason for an adjudicator to consider anything other than medical findings. We rejected this more restrictive standard, because, clearly, Congress did not intend to
22>render the claimant's pain testimony irrelevant.

23 *Bunnell*, 947 F.2d at 346-47 (citation and internal quotation marks omitted).

24

1     In this case, the ALJ's other reasons for discounting Plaintiff's testimony were not clear
2 and convincing. Since the ALJ's only remaining reason for discounting Plaintiff's testimony was
3 in light of the objective medical evidence, this was not a legally sufficient reason to discount
4 Plaintiff's testimony.

5     Because the ALJ erred in his assessment of Plaintiff's subjective symptom testimony, the
6 Court must determine whether this error was harmless. Harmless error principles apply in the
7 Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is
8 harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's
9 "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050,
10 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The determination as to whether an
11 error is harmless requires a "case-specific application of judgment" by the reviewing court, based
12 on an examination of the record made "'without regard to errors' that do not affect the parties'
13 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396,
14 407 (2009) (quoting 28 U.S.C. § 2111)).

15     In this case, the ALJ failed to properly consider Plaintiff's subjective symptom testimony.
16 Therefore, the ALJ erred. Had the ALJ properly considered Plaintiff's testimony, the RFC and
17 hypothetical questions posed to the VE may have contained additional limitations. For example,
18 the RFC and hypothetical questions may have included that Plaintiff cannot stand for more than
19 30 minutes a time, can never squat or kneel, and can walk up to one-half of a mile. The RFC and
20 hypothetical questions did not contain these limitations. Accordingly, because the ultimate

disability determination may have changed, the ALJ's error is not harmless and requires reversal.[3]

## II.  Whether the ALJ properly considered the lay witness testimony.

Next, Plaintiff asserts the ALJ failed to provide germane reasons to discount lay witness testimony from Mr. Michael Thissen. Dkt. 11, pp. 15-16.

Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). As such, lay witness testimony "cannot be disregarded without comment." *Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (citations omitted). To reject lay witness testimony, the ALJ must "expressly" disregard such testimony and provide "reasons germane to each witness for doing so." *Lewis*, 236 F.3d at 511. In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even if the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. *Id.* at 512.

Mr. Thissen, who has lived with Plaintiff since spring 2011, provided a lay witness statement on August 25, 2014. *See* AR 227-28. Mr. Thissen reported that he and Plaintiff used to walk up to five miles per day several times a week, but they can "no longer take walks due to her pain during and after." AR 228. Similarly, Mr. Thissen wrote Plaintiff used to be able to sit at a computer for up to four hours at a time, but she can now only sit for up to "an hour on a good day" before needing to take a break to stretch or walk. AR 228. Mr. Thissen also reported Plaintiff can only do house chores in "very short stints at a time," and "some days [she] cannot

---

[3] The Court notes the Social Security Administration has changed the way it analyzes a claimant's credibility since the ALJ issued his decision in this case. *See* SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016); 2016 WL 1237954 (Mar. 24, 2016). On remand, the ALJ should apply SSR 16-3p when evaluating Plaintiff's subjective testimony.

1 do anything in the yard or the home." AR 228. Furthermore, Mr. Thissen explained Plaintiff

2 struggles with sleep because she "wakes up several times during the night to stretch and attempt

3 to ease the pain." AR 228.

4     The ALJ gave Mr. Thissen's opinion "limited weight," stating:

> As discussed, the medical evidence supports definite restrictions in the claimant's physical functioning. The overall objective findings, though, fail to demonstrate a significant [deterioration] in any of her physical conditions that would explain the self-imposed restrictions described by Mr. Lay[4] – i.e., from walking 5 miles to walking 0 miles, from sitting at her computer for hours at a time to sitting a maximum of 1 hour with discomfort, and from being independent in all her activities of daily living as of November 2013 to being no longer able to maintain the house without the help of Mr. Lay (who himself is apparently disabled due to severe arthritis in his neck and severe rheumatoid a1ihritis in his hands).

10 AR 20-21 (internal citation omitted).

11     The ALJ discounted Mr. Thissen's opinion because he found the objective evidence did

12 not demonstrate a deterioration in Plaintiff's physical conditions sufficient to explain Mr.

13 Thissen's opinion that Plaintiff's exertional activities have decreased over time. AR 20-21.

14 Generally, an ALJ may discredit lay testimony if it conflicts with the medical evidence. *Lewis*,

15 236 F.3d at 511 (citation omitted). However, the medical evidence in this case shows Plaintiff's

16 conditions have indeed deteriorated over time. For instance, a 2014 MRI revealed Plaintiff's

17 spine had "severe narrowing of the right neural foramen" at the L2-L3 level, while a previous

18 MRI showed only mild-to-moderate narrowing. *See* AR 289, 292. Further, while the previous

19 MRI revealed *mild* height decrease at the L4-L5 level, the 2014 MRI showed *moderate* height

20 loss at this level. AR 290, 292. The 2014 MRI also showed "marked facet hypertrophy" at the

21 L5-S1 level, which was not mentioned in the previous MRI. AR 290, 292. Hence, the ALJ's

---

[4] In discussing Mr. Thissen's opinion, the ALJ repeatedly called him "Mr. Lay." *See* AR 20-21. Given that the ALJ wrote this when considering Mr. Thissen's opinion, the Court presumes this was a typographical error and the ALJ intended to write "Mr. Thissen."

assertion that the objective medical evidence does not demonstrate a deterioration of Plaintiff's conditions is not supported by substantial evidence in the record. The ALJ therefore erred, because he did not provide a germane reason, supported by substantial evidence, to discredit Mr. Thissen's statement.

The lay witness testimony described limitations beyond those in Plaintiff's RFC and the hypothetical questions posed to the VE. For example, Mr. Thissen reported Plaintiff can only sit for one hour before needing to take a break to walk or stretch, and she can only do tasks in short time increments due to her pain. The RFC and hypothetical questions posed to the VE did not contain limitations reflecting these restrictions. Because the ultimate disability determination may have changed, the ALJ's error was not harmless and requires reversal.

**III.    Whether the RFC, Step Four, and Step Five findings are supported by substantial evidence.**

Lastly, Plaintiff maintains the ALJ's RFC findings and subsequent findings at Steps Four and Five are unsupported by the record. Dkt. 11, pp. 16-17.

The ALJ committed harmful error by failing to properly consider Plaintiff's subjective symptom testimony and the lay witness testimony. *See* Sections I & II, *supra*. Accordingly, the ALJ must reassess Plaintiff's RFC on remand. *See* SSR 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC, he must also re-evaluate the findings at Step Four (and, if necessary, Step Five) in light of the RFC. *See Watson v. Astrue*, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and hypothetical questions posed to the VE defective when the ALJ did not properly consider two physicians' findings).

**IV.     Whether the case should be remanded for an award of benefits.**

Lastly, Plaintiff requests the Court remand her claim for an award of benefits. Dkt. 11, pp. 1, 17; Dkt. 13, pp. 1-2.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292.

The Court has determined, on remand, the ALJ must re-evaluate this entire matter properly considering Plaintiff's subjective symptom testimony and the lay witness testimony. Therefore, remand for further administrative proceedings is appropriate.

CONCLUSION

Based on the above stated reasons, the undersigned recommends this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) consistent with this Report and Recommendation. The undersigned also recommends judgment be entered for Plaintiff and the case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on February 16, 2018, as noted in the caption.

Dated this 30th day of January, 2018.

David W. Christel
United States Magistrate Judge